LML/cc                                                                                    2024S-0054

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| ARAKADIUSZ KOSZTOLOWCIZ, | |
| Plaintiff, | |
| v. | |
| TRICAM INDUSTRIES, INC., | No. 1:25-cv-02308 |
| TRICAM INDUSTRIES, INC., d/b/a | |
| GORILLA LADDERS, and | |
| HOME DEPOT U.S.A., INC., | |
| Defendants. | **PLAINTIFF DEMANDS TRIAL BY JURY** |

**COMPLAINT AT LAW**

Plaintiff, ARAKADIUSZ KOSZTOLOWCIZ, by and through her attorneys, TOMASIK KOTIN KASSERMAN, LLC, complaining of the Defendants, TRICAM INDUSTRIES, INC., and TRICAM INDUSTRIES, INC., d/b/a GORILLA LADDERS, and HOME DEPOT U.S.A., INC., states as follows:

**PARTIES**

1.      This action is a civil one of which the United States District Courts have original jurisdiction under 28 U.S.C. § 1332.

2.      At all times relevant Plaintiff, ARAKADIUSZ KOSZTOLOWCIZ, was and is a citizen of Illinois.

3.      At all times relevant, Defendant, HOME DEPOT, U.S.A. (hereinafter referred to as "HOME DEPOT"), was and is a Delaware corporation organized and existing under the law of the State of Delaware with its principal place of business in Atlanta, Georgia.

4. At all times relevant, Defendant, HOME DEPOT, was registered as a foreign corporation in the State of Illinois with its address at 801 Adlai Stevenson Drive, Springfield, IL.

5. At all times relevant, Defendant, HOME DEPOT, operated several store locations, including one at the address 2050 North Illinois Route 83, Round Lake Beach, Illinois (the "subject store").

6. At all times relevant, Defendant TRICAM INDUSTRIES, INC., (hereinafter referred to as "TRICAM), was and is a Minnesota corporation organized and existing under the State of Minnesota with its principal place of business at 7677 Equitable Drive, Eden Prairie, Minnesota.

7. At all times relevant, Defendant GORILLA LADDER COMPANY, (hereinafter referred to as "GORILLA"), was and is a Minnesota corporation organized and existing under the State of Minnesota with its principal place of business at 7677 Equitable Drive, Eden Prairie, Minnesota.

8. At all times relevant, Defendant, TRICAM INDUSTRIES, did and does business as GORILLA LADDDERS.

## JURISDICTION AND VENUE

9. Subject Matter Jurisdiction is proper in this court pursuant to diversity jurisdiction at 28 U.S.C. § 1332, because Plaintiff and all Defendants are citizens of different states and the amount in controversy exceeds $75,000.00, excluding interest and costs.

10. This court has personal jurisdiction over Defendants pursuant to Illinois's long arm statute, IL 5/2-209, as Defendants committed a tortious act in this state and transacted business within this state.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the acts or omissions giving rise to Plaintiffs claims occurred in this judicial district.

2

**<u>FACTS COMMON TO ALL COUNTS</u>**

12.     On September 12, 2019 Plaintiff purchased the 5.5 ft Heavy Duty Aluminum PRO Hybrid Ladder "Gorilla Ladder Model GLA-5X" (hereinafter referred to as "the ladder") at the Home Depot store located at 2050 North Illinois Route 83, Round Lake Beach, Illinois.

13.     On and around February 13, 2024, Plaintiff was installing window decal graphics ("the work") which required use of the ladder.

 

14.     While using the ladder during his regular course of work, one of the ladder's legs snapped, causing the ladder to become unbalanced and falling over, throwing Plaintiff to the ground.

15.     At all times relevant, Plaintiff was a proper and intended user of the ladder during his regular course of work.

16.     At all times relevant, Plaintiff did not over-work or over-load the ladder during his regular course of work.

17.     At all times relevant, Plaintiff used the ladder in its intended fashion during his regular course of work.

18.     At all times relevant, Plaintiff did not assume the risk that the ladder leg would snap.

3

19. At all times relevant, Plaintiff made no substantial changes to the ladder during the time that he owned it, including the six months prior to the incident.

20. As a result of the ladder failure, Plaintiff sustained severe injuries and suffered and will continue to suffer physical pain and mental suffering, disfigurement, loss of normal life, loss of wages and earnings potential, and medical expenses.



<u>**COUNT I**</u>
<u>**STRICT LIABILITY AGAINST TRICAM INDSTRIES, INC.**</u>

21. At all relevant times, Defendant, TRICAM, designed, manufactured, distributed, and sold its products to Defendant, HOME DEPOT, stores in the city of Round Lake, State of Illinois, Lake County.

22. At all relevant times, Defendant, TRICAM, designed, manufactured, assembled, tested, labeled, inspected, marketed, distributed, monitored, promoted and sold a product known as the 5.5 ft Heavy Duty Aluminum PRO Hybrid Ladder "Gorilla Ladder Model GLA-5X".

23. Directly or through its aforesaid subsidiaries, Defendant, TRICAM, directly distributed and sold in the State of Illinois, in the County of Lake at Defendant Home Depot the "Gorilla Ladder Model GLA-5X" UPC 722571010515 in question.

24. Plaintiff, ARAKADIUSZ KOSZTOLOWCIZ, purchased the ladder on September 12, 2019 which was designed, manufactured, assembled, tested, inspected, marketed, distributed, monitored, promoted, and/or sold by Defendant TRICAM in May 2019.

25. The subject ladder was defective and unreasonably dangerous when Defendant, TRICAM, placed the ladder into the stream of commerce because the design of the ladder feet is inadequate to hold the ladder in place while in foreseeable use

26. The subject ladder and its parts and components were defectively designed, manufactured, marketed, sold, distributed, assembled, inspected, serviced, maintained, and repaired by Defendants, TRICAM.

27. On February 13, 2014, the ladder broke while Plaintiff was using it, causing Plaintiff injuries of a personal and pecuniary nature. of a personal and pecuniary nature.

28. The defects in the subject ladder and its parts and components were a proximate cause of the damages suffered by the Plaintiff.

29. By engaging in said conduct, Defendant, TRICAM, is strictly liable to Plaintiff.

WHEREFORE, Plaintiff, ARAKADIUSZ KOSZTOLOWCIZ, demands judgement against Defendant, TRICAM INDUSTRIES, INC., for an amount in excess of the minimum amount required for jurisdiction in this court.

## COUNT II
## STRICT LIABILITY-GORILLA LADDERS

30.     At all relevant times, Defendant, GORILLA LADDERS, designed, manufactured, distributed, and sold its products to Defendant, HOME DEPOT, stores in the city of Round Lake, State of Illinois, Lake County.

31.     At all relevant times, Defendant, GORILLA LADDERS, designed, manufactured, assembled, tested, labeled, inspected, marketed, distributed, monitored, promoted and sold a product known as the "Gorilla Ladder Model GLA-5X".

32.     Directly or through its aforesaid subsidiaries, Defendant, GORILLA LADDERS, directly distributed and sold in the State of Illinois, in the County of Lake at Defendant Home Depot the "Gorilla Ladder Model GLA-5X" in question.

33.     Plaintiff, ARAKADIUSZ KOSZTOLOWCIZ, purchased the ladder designed, manufactured, assembled, tested, inspected, marketed, distributed, monitored, promoted, and sold by Defendant GORILLA LADDERS on September 12, 2019.

34.     The subject ladder was defective and unreasonably dangerous when Defendants, GORILLA LADDERS, placed the ladder into the stream of commerce because the design of the ladder feet is inadequate to hold the ladder in place while in foreseeable use

35.     The subject ladder and its parts and components were defectively designed, manufactured, marketed, sold, distributed, assembled, inspected, serviced, maintained, and repaired by Defendants, GORILLA LADDERS.

36.     On February 13, 2014, the ladder broke while Plaintiff was using it, causing Plaintiff injuries of a personal and pecuniary nature..

37.     The defects in the subject ladder and its parts and components were a proximate cause of the damages suffered by the Plaintiff.

6

38. By engaging in said conduct, Defendants, GORILLA LADDERS, are strictly liable to Plaintiff.

WHEREFORE, WHEREFORE, Plaintiff, ARAKADIUSZ KOSZTOLOWCIZ, demands judgement against Defendant, GORILLA LADDERS, for an amount in excess of the minimum amount required for jurisdiction in this court.

## COUNT III
## BREACH OF EXPRESS WARRANTY- TRICAM INDUSTRIES

39. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

40. Defendant, TRICAM, expressly warranted that its ladders were safe and effective to members of the consuming public, including Plaintiff. Moreover, Defendant, TRICAM, expressly warranted its ladder with an American National Standards Institute (ANSI) Type I Duty rating, a "Heavy-Duty" classification with a work load of 250 pounds.

41. Members of the consuming public, including consumers such as Plaintiff were the intended third-party beneficiaries of the warranty.

42. Defendant, TRICAM, marketed, promoted, and sold its ladders as a safe product, complete with a safe and strong closed rail and beam design.

43. Defendant TRICAM's ladders do not conform to this express representation because the ladder leg failed despite its designated working load, making the ladders not safe for use by consumers.

44. Defendant TRICAM breached its express warranties in one or more of the following ways:

   a. The ladders as designed, manufactured, sold and/or supplied by the Defendant TRICAM, were defectively designed and placed into the stream of commerce by Defendant TRICAM in a defective and unreasonably dangerous condition;

b. Defendant TRICAM failed to warn and/or place adequate warnings and instructions on their ladders;

c. Defendant TRICAM failed to adequately tests its ladders;

d. Defendant TRICAM failed to provide timely and adequate post-marketing warnings and instructions after they knew the risk of injury from their ladders.

45. The Plaintiff in this case purchased and used the ladder with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of climbing.

46. Plaintiff's injuries of a personal and pecuniary nature. were the direct and proximate cause of Defendant TRICAM's breach of its express warranties.

WHEREFORE, Plaintiff, ARAKADIUSZ KOSZTOLOWCIZ , demands judgment against Defendant, TRICAM INDUSTRIES, INC., for an amount in excess of the minimum amount required for jurisdiction in this court.

## COUNT IV
## BREACH OF EXPESS WARRANTY- GORILLA LADDERS

47. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

48. Defendant, GORILLA LADDERS, expressly warranted that its pressure  were safe and effective to members of the consuming public, including Plaintiff. Moreover, Defendant, GORILLA LADDERS, expressly warranted that expressly warranted its ladder with an American National Standards Institute (ANSI) Type I Duty rating, a "Heavy-Duty" classification with a work load of 250 pounds.

49. Members of the consuming public, including consumers such as Plaintiff were the intended third-party beneficiaries of the warranty.

8

50. Defendant, GORILLA LADDERS, marketed, promoted, and sold its ladders as a safe product, complete with a safe product, complete with a safe and strong closed rail and beam design.

51. Defendant GORILLLA LADDERS's ladders do not conform to this express representation because the ladder leg failed despite its designated working load, making the ladders not safe for use by consumers.

52. Defendant GORILLA LADDERS breached its express warranties in one or more of the following ways:

    a. The ladders as designed, manufactured, sold and/or supplied by the Defendant GORILLA LADDERS, were defectively designed and placed into the stream of commerce by Defendant GORILLA LADDERS in a defective and unreasonably dangerous condition;

    b. Defendant GORILLA LADDERS failed to warn and/or place adequate warnings and instructions on their ladders;

    c. Defendant GORILLA LADDERS failed to adequately tests its ladders;

    d. Defendant GORILLA LADDERS failed to provide timely and adequate post-marketing warnings and instructions after they knew the risk of injury from their ladders.

53. The Plaintiff in this case purchased and used the ladder with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of climbing.

54. Plaintiff's injuries of a personal and pecuniary nature. were the direct and proximate cause of Defendant GORILLA LADDERS's breach of its express warranties.

WHEREFORE, Plaintiff, ARAKADIUSZ KOSZTOLOWCIZ , demands judgment against Defendant, GORILLA LADDERS, for an amount in excess of the minimum amount required for jurisdiction in this court.

## COUNT V
## BREACH OF IMPLIED WARRANTY- TRICAM INDUSTRIES

55.     Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

56.     Defendant, TRICAM, manufactured, supplied, and sold their ladders with an implied warranty that they were reasonably safe fit for the ordinary purposes for which such goods are sold and fit for the particular purpose of climbing efficiently and safely.

57.     Specifically, Defendant TRICAM marketed, promoted, and sold its ladders as a safe product, complete with a safe and strong close rail and beam design.

58.     Members of the consuming public, including consumers such as the Plaintiff were the intended third-party beneficiaries of the warranty.

59.     Defendant TRICAM's ladders were not reasonably safe and/or fit for the particular purpose as a safe means of climbing, due to the unreasonable risks of bodily injury associated with their use as described in this Complaint.

60.     The Plaintiff in this case reasonably relied on Defendant TRICAM's representations that its ladders were a safe and effective means of climbing.

61.     Defendant TRICAM's breach of the implied warranty of reasonable safety and fitness for a particular purpose was the direct and proximate cause of Plaintiff's injuries of a personal and pecuniary nature. and damages.

WHEREFORE, Plaintiff, ARAKADIUSZ KOSZTOLOWCIZ, demands judgment against Defendant TRICAM INDUSTRIES, INC., for an amount in excess of the minimum amount required for jurisdiction in this court.

10

## COUNT VI
## REACH OF IMPLIED WARRANTY- GORILLA LADDERS

62.     Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

63.     Defendant, GORILLA LADDERS, manufactured, supplied, and sold their ladders with an implied warranty that they were reasonably safe fit for the ordinary purposes for which such goods are sold and fit for the particular purpose of climbing efficiently and safely.

64.     Specifically, Defendant GORILLA LADDERS marketed, promoted, and sold its ladders as a safe product, complete with a safe and strong closed rail and beam design.

65.     Members of the consuming public, including consumers such as the Plaintiff were the intended third-party beneficiaries of the warranty.

66.     Defendant GORILLA LADDERS's ladders were not reasonably safe and/or fit for the particular purpose as a safe means of climbing, due to the unreasonable risks of bodily injury associated with their use as described in this Complaint.

67.     The Plaintiff in this case reasonably relied on Defendant GORILLA LADDERS's representations that its ladders were a safe and effective means of climbing.

68.     Defendant GORILLA LADDERS's breach of the implied warranty of reasonable safety and/or fitness for a particular purpose was the direct and proximate cause of Plaintiff's injuries of a personal and pecuniary nature. and damages.

        WHEREFORE, Plaintiff, ARAKADIUSZ KOSZTOLOWCIZ, demands judgment against Defendant, GORILLA LADDERS, for an amount in excess of the minimum amount required for jurisdiction in this court.

11

## COUNT VII
## NEGLIGENT MANUFACTURING-TRICAM INDUSTRIES

69.     Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

70.     At all times relevant, Defendant TRICAM was engaged in the business of manufacturing, distributing, selling, distributing, marketing, and promoting its ladders.

71.     Plaintiff purchased a TRICAM ladder that was negligently manufactured, and therefor, not reasonably fit, suitable or safe in their intended purpose, in violation of state law and parallel federal law.

72.     Plaintiff, KOSZTOLOWCIZ, purchased the ladder that was rendered defective, unreasonably dangerous not reasonably fit, suitable or safe for intended purpose, having been negligently manufactured.

73.     Defendant TRICAM's negligent manufacturing deviated from the approved and intended design, causing the product to fail despite its designated working load.

74.     Defendant TRICAM knew or should have known in the exercise of reasonable care, that the manufacturing process was not performed in a safe and reasonable manner, or consistent with design and manufacturing specifications.

75.     Defendant TRICAM knew the negligently manufactured ladder would be used by consumers such as plaintiff with out knowledge of the hazards involved in such use.

76.     Defendant TRICAM owed Plaintiff a duty to manufacture its ladders in a reasonable manner. TRICAM breached its duty to manufacture its ladder in a reasonable manner. TRICAM was required to exercise reasonable care to manufacture its ladders.

77.     Defendant TRICAM negligently manufactured its ladders by:

 a. Failed to use satisfactory quality of material to manufacture ladder;

      b.     Failed to properly design the ladder;

      c.     Failed to build the ladder so as to allow foreseeable use; and/or

      d.     Was otherwise negligent and/or careless.

78. Defendant TRICAM's breach of duty proximately caused Plaintiff, KOSZTOLOWCIZ, to fall and suffer severe and permanent injuries of a personal and pecuniary nature. resulting in significant economic and non-economic damages including, but not limited to, medical bills, loss of income, pain and suffering, loss of a normal life and disfigurement.

WHEREFORE, Plaintiff, ARAKADIUSZ KOSZTOLOWCIZ, demands judgement against Defendant, TRICAM INDUSTRIES, INC., for an amount in excess of the minimum amount required for jurisdiction in this court.

## COUNT VIII
## NEGLIGENT MANUFACTURING-GORILLA LADDERS

79. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

80. At all times relevant, Defendant GORILLA LADDERS was engaged in the business of manufacturing, distributing, selling, distributing, marketing, and promoting its ladders.

81. Plaintiff purchased a GORILLA LADDERS ladder that was negligently manufactured, and therefore, not reasonably fit, suitable or safe in their intended purpose, in violation of state law and parallel federal law.

82. Plaintiff, KOSZTOLOWCIZ, purchased the ladder that was rendered defective, unreasonably dangerous not reasonably fit, suitable or safe for intended purpose, having been negligently manufactured.

83. Defendant GORILLA LADDERS's negligent manufacturing deviated from the approved an intended design, causing the product to have known defects involving fracture of the legs at

84.     Defendant GORILLA LADDERS knew or should have known in the exercise of reasonable care, that the manufacturing process was not performed in a safe and reasonable manner, or consistent with design and manufacturing specifications.

85.     Defendant GORILLA LADDERS knew the negligently manufactured ladder would be used by consumers such as plaintiff with out knowledge of the hazards involved in such use.

86.     Defendant GORILLA LADDERS owed Plaintiff  a duty to manufacture its ladders in a reasonable manner. TRICAM breached its duty to manufacture its ladder in a reasonable manner. TRICAM was required to exercise reasonable care to manufacture its ladders.

87.     Defendant GORILLA LADDERS negligently manufactured its ladders by:

    a.      Failed to use satisfactory quality of material to manufacture the ladder;
    b.      Failed to properly design the ladder:
    c.      Failed to build the ladder so as to allow foreseeable use; and/or
    d.      Was otherwise negligent or careless.

88.     Defendant GORILLA LADDERS's breach of duty proximately caused Plaintiff, KOSZTOLOWCIZ, to fall and suffer severe and permanent injuries of a personal and pecuniary nature. resulting in significant economic and non-economic damages including, but not limited to, medical bills, loss of income, pain and suffering, loss of a normal life and disfigurement.

    WHEREFORE, Plaintiff, ARAKADIUSZ KOSZTOLOWCIZ, demands judgement against Defendant, GORILLA LADDERS, for in an amount in excess of the minimum amount required for jurisdiction in this court.

## COUNT IX
## GENERAL NEGLIGENCE- TRICAM INDUSTRIES

89.     Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

90.     Defendant TRICAM had a duty of reasonable care to design, manufacture, market,

14

and sell non-defective ladders that are reasonably safe for their intended uses by consumers, such as Plaintiff.

91. Defendant TRICAM failed to exercise ordinary care in the manufacture, sale, warnings, quality assurance, quality control, distribution, advertising, promotion, sale, and marketing of its ladders in that Defendant TRICAM knew or should have known that said ladder created a high risk of unreasonable harm to the Plaintiff and consumers alike.

92. Defendant TRICAM was negligent in the design, manufacture, advertising, warning, marketing, and sale of its ladders in that, among other things, it:

   a.    Failed to use due care in designing and manufacturing the ladder to avoid the aforementioned risks to individuals;
   b.    Placed an unsafe product into the stream of commerce;
   c.    Aggressively over-promoted and marketed its ladder through television, social media, and other advertising outlets; and
   d.    Were otherwise careless and negligent.

93. Despite the fact that Defendant TRICAM knew or should have known that consumers were unsafe using their ladders, Defendant TRICAM continued to market (and continues to do so) its ladders to the general public.

94. As a direct and proximate result of Defendant TRICAM's conduct, the Plaintiff in this case incurred significate and painful bodily injuries of a personal and pecuniary nature., medical expenses, lost wages, physical pain, mental anguish, and diminished enjoyment of life.

WHEREFORE, Plaintiff, ARAKADIUSZ KOSZTOLOWCIZ, demands judgement against Defendant, TRICAM INDUSTRIES, INC., for an amount in excess of the minimum amount required for jurisdiction in this court.

15

## COUNT X
## GENERAL NEGLIGENCE- GORILLA LADDERS

95. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

96. Defendant GORILLA LADDERS had a duty of reasonable care to design, manufacture, market, and sell non-defective ladders that are reasonably safe for their intended uses by consumers such as plaintiff.

97. Defendant GORILLA LADDERS failed to exercise ordinary care in the manufacture, sale, warnings, quality assurance, quality control, distribution, advertising, promotion, sale, and marketing of its ladders in that Defendant GORILLA LADDERS knew or should have known that said ladder created a high risk of unreasonable harm to the Plaintiff and consumers alike.

98. Defendant GORILLA LADDERS was negligent in the design, manufacture, advertising, warning, marketing, and sale of its ladders in that, among other things, it:

   a. Failed to use due care in designing and manufacturing the ladder to avoid the aforementioned risks to individuals;
   b. Placed an unsafe product into the stream of commerce;
   c. Aggressively over-promoted and marketed its ladder through television, social media, and other advertising outlets; and
   d. Were otherwise careless and negligent.

99. Despite the fact that Defendant GORILLA LADDERS knew or should have known that consumers were unsafe using their ladders, Defendant GORILLA LADDERS continued to market (and continues to do so) its ladders to the general public.

100. As a direct and proximate result of Defendant GORILLA LADDERS's conduct, the Plaintiff in this case incurred significate and painful bodily injuries of a personal and pecuniary nature., medical expenses, lost wages, physical pain, mental anguish, and diminished enjoyment of life.

WHEREFORE, Plaintiff, ARAKADIUSZ KOSZTOLOWCIZ, demands judgement against Defendant, GORILLA LADDERS, for in an amount in excess of the minimum amount required for jurisdiction in this court.

**COUNT XI**
**BREACH OF MERCHANTABILITY- HOME DEPOT**

101.    Plaintiff incorporates by reference each preceding and succeeding paragraph as set forth fully at length herein.

102.    At the time Defendant HOME DEPOT marketed, distributed and sold their ladders to the Plaintiff in this case, Defendant HOME DEPOT warranted that its ladders were merchantable and fit for the ordinary purposes for which they were intended.

103.    Specifically, Defendant HOME DEPOT marketed, promoted, and sold its ladders as a safe product, complete with a safe and strong closed rail and beam design.

104.    Members of the consuming public, including consumers such as the Plaintiff, were intended third-party beneficiaries of the warranty.

105.    Defendant HOME DEPOT's ladders were not merchantable and fit for their ordinary purpose, because they had the propensity to lead to serious personal injuries of a personal and pecuniary nature. as described herein this complaint.

106.    The Plaintiff in this case purchased and used the ladder with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of climbing and relied on Defendant HOME DEPOT's representations regarding its ladders.

107.    Defendant HOME DEPOT's breach of implied warranty of merchantability was the direct and proximate cause of plaintiff's injury and damages.

17

WHEREFORE, Plaintiff, ARAKADIUSZ KOSZTOLOWCIZ, demands judgement against Defendant, HOME DEPOT, for an amount in excess of the minimum amount required for jurisdiction in this court.

### COUNT XII
### NEGLIGENCE-HOME DEPOT

108. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

109. Defendant HOME DEPOT had a duty of reasonable care to distribute, market, and sell non-defective ladders that are reasonably safe for their intended uses by consumers such as plaintiff.

110. Defendant HOME DEPOT failed to exercise ordinary care in the sale, warnings, quality assurance, quality control, distribution, advertising, promotion, sale, and marketing of its ladders in that Defendant HOME DEPOT knew or should have known that said ladder created a high risk of unreasonable harm to the Plaintiff and consumers alike.

111. Defendant HOME DEPOT was negligent in the distribution, advertising, warning, marketing, and sale of its ladders in that, among other things, it:

    a.    Failed to inspect the ladders sold in its store for defects;
    b.    Placed an unsafe product into the stream of commerce;
    c.    Failed to provide proper warnings concerning the ladders;
    d.    Aggressively over-promoted and marketed its ladder through television, social media, and other advertising outlets; and
    e.    Were otherwise careless and negligent.

112. Despite the fact that Defendant HOME DEPOT knew or should have known that consumers were unsafe using their ladders, Defendant HOME DEPOT continued to market (and continues to do so) its ladders to the general public.

113.    As a direct and proximate result of Defendant HOME DEPOT's conduct, the Plaintiff in this case incurred significate and painful bodily injuries of a personal and pecuniary nature., medical expenses, lost wages, physical pain, mental anguish, and diminished enjoyment of life.

WHEREFORE, Plaintiff, ARAKADIUSZ KOSZTOLOWCIZ, demands judgement against Defendant, HOMEDEPOT, for an amount in excess of the minimum amount required for jurisdiction in this court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, ARAKADIUSZ KOSZTOLOWCIZ, demand judgment against Defendants, HOME DEPOT U.S.A., INC., TRICAM INDUSTRIES, INC., and GORILLA LADDERS, for damages, to which they are entitled by law, as well as all costs of this action, interest and attorneys' fees, to the full extent of the law, whether arising under the common law and/or statutory law, including:

    a.  Judgment for Plaintiffs and against HOME DEPOT U.S.A., INC., TRICAM INDUSTRIES, INC., and GORILLA LADDERS;

    b.  Damages to compensate Plaintiffs for their injuries of a personal and pecuniary nature., economic losses and pain and suffering sustained as a result of the Defendants' ladders;

    c.  Pre- and post- judgment interest at the lawful rate;

    d.  A trial by jury on all issues of the case; and

    e.  For any other relief as this Court may deem equitable and just.

Respectfully submitted,

_____

Loren M. Legorreta (ARDC No. 6327223)
Tomasik Kotin Kasserman, LLC
Attorneys for Plaintiffs
161 North Clark Street, Suite 3050
Chicago, Illinois 60601
(312) 605-8800 // (312) 605-8808 fax
loren@tkklaw.com

19